# United States Court of Appeals for the Federal Circuit

04-7007

VIOLA M. STOLL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Daniel D. Wedemeyer, Wedemeyer & Prangley, of Santa Ana, California, argued for claimant-appellant. On the brief was Robert V. Chisholm, Chisholm Chisholm & Kilpatrick, of Providence, Rhode Island.

Carolyn J. Craig, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Jr., Assistant Director. Of counsel on the brief were Richard J. Hipolit, Acting Assistant General Counsel and Martie S. Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Retired Judge John J. Farley III

# United States Court of Appeals for the Federal Circuit

04-7007

VIOLA M. STOLL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  March 29, 2005
_____

Before NEWMAN, LOURIE, and LINN, <u>Circuit Judges</u>.

Opinion for the court filed by <u>Circuit Judge</u> LOURIE.  Dissenting opinion filed by <u>Circuit Judge</u> NEWMAN.

LOURIE, <u>Circuit Judge</u>.

Viola M. Stoll ("Stoll") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans' Court") affirming the decision of the Board of Veterans' Appeals denying her claim for dependency and indemnity compensation ("DIC") benefits on the ground that her former husband's death was not service-connected.  <u>Stoll v. Principi</u>, No. 02-0788 (Vet. App. Aug. 21, 2003).  We affirm.

## BACKGROUND

Stoll was the wife of a deceased army veteran.  The veteran, John W. Stoll, served on active duty in the United States Army from 1942 to 1946.  In March 1994, he filed a claim for service connection for emphysema that he attributed to smoking while in

the Army. On March 11, 1998, a Department of Veterans Affairs regional office ("RO") awarded him a thirty-percent disability rating for chronic obstructive pulmonary disease ("COPD") secondary to his service-connected nicotine dependence. Service connection for Mr. Stoll's disability was given an effective date of March 9, 1994.

On June 10, 1999, Mr. Stoll died from pneumonia caused by COPD. On June 22, 1999, Ms. Stoll submitted a claim for DIC benefits, urging that her husband's death resulted from a service-connected disability. In July 1999, the RO denied Stoll's DIC claim based on its interpretation of 38 U.S.C. § 1103(a)[1] that prohibited service connection for a veteran's death attributable to the use of tobacco products during the veteran's military service.

Stoll appealed the RO's decision and, in July 2001, the Board of Veterans' Appeals granted service connection for the veteran's death on the ground that he had previously established service connection for the COPD before his death. On reconsideration, however, the Board denied the service connection and agreed with the RO that § 1103(a) and its implementing regulation, 38 C.F.R. § 3.300(a), prohibited service connection for death attributable to a veteran's in-service tobacco use.

Stoll appealed the Board's decision to the Veterans' Court, arguing that 38 C.F.R. § 3.300(a) was not applicable to her claim, that the Board misinterpreted 38 U.S.C.

---

[1]    38 U.S.C. § 1103(a) provides as follows:

Notwithstanding any other provision of law, a veteran's disability or death shall not be considered to have resulted from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service for purposes of this title on the basis that it resulted from injury or disease attributable to the use of tobacco products by the veteran during the veteran's service.

§ 1103(a), and that § 1103(a) cannot override the specific instruction to award survivors of service-connected veterans DIC benefits pursuant to 38 U.S.C. § 1310(a).[2]

The Veterans' Court was not persuaded by Stoll's arguments, and affirmed the Board's decision. The court recognized that it had previously held that § 1103(a) "precludes service connection for purposes of a DIC claim filed after June 9, 1998, that is based upon a veteran's service-connected disability or death which is capable of being attributable to the veteran's in-service use of tobacco products." Stoll, slip op. at 3 (citing Kane v. Principi, 17 Vet. App. 97, 102 (2003)). Applying its precedent, the court determined that Stoll's DIC claim was filed after June 9, 1998, and that her husband's death was attributable to his in-service use of tobacco products. Moreover, according to the court, a "claim for DIC is generally treated as a new claim, regardless of the status of adjudications concerning service-connected-disability claims brought by the veteran before his death." Id., slip op. at 4. Thus, the court concluded that Stoll could not benefit from her husband's prior service-connected status.

Based on its ruling in Kane, the Veterans' Court also rejected Stoll's argument that § 1310(a) requires an award of DIC benefits. Id., slip op. at 5. In Kane, the court concluded that § 1310(a) did not override the mandate of § 1103(a) prohibiting service connection for death or disability attributable to a veteran's in-service tobacco use. Id.

---

[2]   38 U.S.C. § 1310(a) provides as follows:

When any veteran dies after December 31, 1956, from a service-connected or compensable disability, the Secretary shall pay dependency and indemnity compensation to such veteran's surviving spouse, children, and parents. The standards and criteria for determining whether or not a disability is service-connected shall be those applicable under chapter 11 of this title.

(citing Kane, 17 Vet. App. at 102). On the contrary, the Kane court determined that § 1310(a) specifically provided that service connection for purposes of DIC must be based on chapter 11 of Title 38, and § 1103(a) contains the nullifying clause "[n]otwithstanding any other provision of law." Id.

Stoll timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

We review a statutory interpretation by the Veterans' Court de novo. Andrews v. Principi, 351 F.3d 1134, 1136 (Fed. Cir. 2003). We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). We may not review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. Id. § 7292(d)(2); Bustos v. West, 179 F.3d 1378, 1380 (Fed. Cir. 1999).

On appeal, Stoll contends that the Veterans' Court misinterpreted 38 U.S.C. § 1103(a) in denying her claim for DIC benefits. According to Stoll, § 1103 only precludes DIC benefits for fatal tobacco-related disabilities that were not service-connected as of the date that that statute was enacted, June 9, 1998. Stoll argues that § 1103(a) does not apply to veterans like her husband who established service connection for disabilities prior to June 9, 1998, or DIC claims of survivors of such veterans who have previously established service connection, even if the veteran's service-connected disability was attributable to tobacco use.

To support her position, Stoll analyzes the language of § 1103(a). Specifically, she relies upon the absence of the term "service-connected" in the statute. By not using the term "service-connected," but instead reciting the predicate finding for service connection—personal injury suffered or disease contracted in the line of duty—Stoll asserts that the statute only addresses prospective claims for service connection and excludes claims from veterans who have already established service connection for their disabilities. Otherwise, according to Stoll, Congress could have avoided this ambiguity by simply using the term "service-connected" in the statute. Moreover, Stoll relies on the legislative history to support her interpretation of § 1103(a). She cites a congressional conference report stating that veterans currently receiving service-connected benefits would not be affected by the enactment of § 1103(a). From this statement, Stoll asserts that § 1103(a) does not affect DIC claims of survivors of such service-connected veterans.

Stoll also argues that she is entitled to DIC benefits under 38 U.S.C § 1310(a), which she interprets as mandating payment to the survivors of veterans who die from service-connected disabilities, including disabilities that are attributable to the veteran's use of tobacco products during his service. Stoll asserts that the apparent prohibition of granting such tobacco-related claims under § 1103(a) is inapplicable. In Stoll's view, § 1310(a) is a more "narrow" statute that takes precedence over the later-enacted, more "general" prohibition under § 1103(a).

Finally, Stoll argues that the Veterans' Court's interpretation of § 1103(a) is inconsistent with 38 U.S.C. § 1159[3] and 38 C.F.R. § 3.957[4]. According to her

_____

[3] 38 U.S.C. § 1159 provides as follows:

interpretation of that statute and regulation, as of March 2004, Mr. Stoll was service-connected for ten years.  Therefore, she asserts, the veteran's service connection is irrevocable, and she is eligible for DIC benefits under § 1310(a), notwithstanding the Veterans' Court's interpretation of § 1103(a).  Stoll further contends that because the veteran's service connection was not severed in compliance with 38 C.F.R. § 3.105(d), her husband continued to accrue service-connection years for purposes of fulfilling the ten-year protection period under §§ 1159 and 3.957 even after his death in 1998.

In supporting the denial of Stoll's DIC claim under § 1103(a), the Secretary of Veterans Affairs (the "Secretary") cites the language of 38 U.S.C. § 101(16)[5], which

---

Service connection for any disability or death granted or continued under title 38 U.S.C., which has been in effect for 10 or more years will not be severed except upon a showing that the original grant was based on fraud or it is clearly shown from military records that the person concerned did not have the requisite service or character of discharge.

[4]     38 C.F.R. § 3.957  provides as follows:

Service connection for any disability or death granted or continued under title 38, United States Code, which has been in effect for 10 or more years will not be severed except upon a showing that the original grant was based on fraud or it is clearly shown from military records that the person concerned did not have the requisite service or character of discharge. The 10-year period will be computed from the effective date of the Department of Veterans Affairs finding of service connection to the effective date of the rating decision severing service connection, after compliance with § 3.105(d). The protection afforded in this section extends to claims for [DIC] or death compensation.

[5]     38 U.S.C. § 101(16) provides as follows:

The term "service-connected" means, with respect to disability or death, that such disability was incurred or

defines the term "service-connected" for purposes of Title 38 of the United States Code. The Secretary argues that given the substantial similarity in the language of §§ 101(16) and 1103(a), the latter statute prohibits DIC claims by survivors of service-connected veterans who have died from injury or disease attributable to tobacco use. The Secretary also questions the probative value of Stoll's cited portions of the legislative history. According to the Secretary, the legislative history of § 1103(a) only discussed preserving veterans', not survivors', rights, and the legislative history did not address the statute's applicability to DIC claims.

The Secretary also challenges Stoll's assertion that her claim for DIC benefits under § 1310(a) is not prohibited by § 1103(a). The Secretary contends that § 1310(a), by its own explicit terms, is limited by § 1103(a). The Secretary also disputes Stoll's charge that § 1103(a) is the more "general" statute and § 1310(a) is the more "narrow" statute. According to the Secretary, the opposite is true, and thus § 1103(a) must take precedence over § 1310(a).

Finally, the Secretary responds to the argument concerning § 1159 by noting that the veteran did not enjoy service connection for any 10-year period. Instead, the Secretary argues that the accrual period for Mr. Stoll's service connection ceased in 1998 when he died. According to the Secretary, because the veteran's claim for service connection cannot survive his death, service connection could not be in effect for purposes of accrual after his death either.

---

aggravated, or that the death resulted from a disability incurred or aggravated, in line of duty in the active military, naval, or air service.

For the reasons that follow, we conclude that the Veterans' Court properly affirmed the denial of Stoll's DIC claim. Under § 1310(a), a surviving spouse is entitled to receive DIC benefits if the veteran dies from a service-connected disability. In determining whether a veteran's death resulted from a service-connected disability, § 1310(a) explicitly refers to chapter 11 of Title 38 of the United States Code, which includes § 1103(a), thus incorporating its service connection preclusion. Moreover, we cannot ignore the nullifying clause contained in § 1103(a): "Notwithstanding any other provision of law, . . . ." Thus, § 1103(a) clearly controls over § 1310(a). Finally, Stoll's assertion that § 1103(a) is a "general" statute, and therefore should not be given precedence over § 1310(a), the purportedly more narrowly-tailored statute, is incorrect. The issue here is not which of the two statutes is broader, but how they relate to each other, and, under the current facts, § 1103(a) controls. Accordingly, we agree with the Secretary and the Veterans' Court that § 1103(a) applies to DIC claims of surviving spouses of veterans, even if the veterans have previously established service connection for their disabilities.

We agree, however, with Stoll that § 1103(a) does not apply to veterans themselves who have established service connection for their disabilities prior to the enactment date of § 1103(a), June 9, 1998, even if the disability was attributable to tobacco use during the veterans' military service. But that is not our case. The appellant here is the survivor, not the veteran. The intent of § 1103(a) is to address new claims of service connection, not the claims of living veterans who have already had adjudicated the issue of service connection. Moreover, statements in the legislative

history indicating that service-connected veterans will not have their benefits abridged apply to living veterans, but they do not address new claims by survivors.

Although we agree with Stoll that § 1103(a) does not apply to living veterans who have previously established service connection, it is clear that survivors of such veterans do not inherit the veteran's prior service-connection status for purposes of DIC claims. The veteran's entitlement and a survivor's entitlement are two different claims. As the Veterans' Court recognized, the RO treats the survivor's DIC claim as a new claim for service connection, "regardless of the status of adjudications concerning service-connected-disability claims brought by the veteran before his death." Stoll, slip op. at 4 (citations omitted). Moreover, this court has previously explained that chapter 11 of Title 38 of the United States Code "draws a distinction between disability compensation, generally payable only to veterans, and death and pension benefits, payable to survivors." Haines v. West, 154 F.3d 1298, 1300 (Fed. Cir. 1998).

Stoll's reliance on §§ 1159, 3.957, and 3.105(d) is also misplaced. The statute and its implementing regulations preclude severing an otherwise continuing service-connection status of a surviving veteran. They are inapplicable here to a veteran who has died. Stoll's position that a veteran can continue to be considered "service-connected" even after his death is untenable. Under 38 U.S.C. § 5112(b)(1), a deceased veteran ceases to receive service-connected payments on the last day of the month before he dies, and we have previously held that a veteran's service-connected disability does not survive his death. Richard v. West, 161 F.3d 719, 720 (Fed. Cir. 1998). If a veteran cannot receive service-connected benefits following his death, it is inconsistent for a deceased veteran to be able to continue to accrue service connection

04-7007                                   -9-

to fulfill the ten-year protection period under §§ 1159 or 3.957. Mr. Stoll was not service-connected for ten years, because the service-connection period of accrual ceased in 1998 when he died, and thus Stoll's arguments relating to §§ 1159 or 3.957 are inapplicable.

Stoll makes other arguments to support her position, including a purported distinction between the words "attributable" and "attributed" as used in the pertinent statutes. We do not find them to be convincing.

For the reasons explained above, Stoll cannot rely on her husband's prior service connection status to save her DIC claim. Instead, her claim for DIC benefits constitutes a new claim for service connection that is governed by § 1103(a). We accordingly affirm the Veterans' Court's decision that Mr. Stoll's death was not shown to be service-connected for purposes of Stoll's DIC claim. The cause of his death was pneumonia caused by his service-connected COPD, and neither party disputes that the COPD was attributable to his in-service tobacco use. Under such circumstances, § 1103(a) precludes Stoll's claim.

## CONCLUSION

The Veterans' Court did not err in construing 38 U.S.C. § 1103(a) to preclude Ms. Stoll's claim for DIC benefits. Accordingly, the decision of that court is

## AFFIRMED.

# United States Court of Appeals for the Federal Circuit

04-7007

VIOLA M. STOLL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

NEWMAN, <u>Circuit Judge</u>, dissenting.

The court's opinion categorizes the widow's claim as a "new claim for service connection" which must be established afresh. However, the veteran's service connection was already finally established. The widow's entitlement to dependency-and-indemnity compensation does not require redetermination of the veteran's service-connection after his death.

There is only one claim of service-connection, the claim of the veteran. Mr. Stoll's service-connection was "grandfathered" because his entitlement was established before the statute/rule was changed regarding tobacco-caused disabilities. This entitlement does

04-7007                                                1

not require -- indeed, it does not permit -- reassessment after his death.  The service-connected disability established during his lifetime determines the widow's entitlement.

It is thus incorrect to hold that the widow must reestablish service-connection after the veteran dies.  The widow's rights to compensation flow from the disability of the veteran, as established during his life, and on his death his service-connection was beyond challenge.  From my colleagues' ruling that service-connection must now be proven on law that explicitly did not apply to this veteran, I respectfully dissent.