# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0845

PAMELA R. SHEETS, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal From the Board of Veterans' Appeals

(Decided    August 16, 2006  )

*Barbara S. Girard*, of Lawrence, Kansas, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *John D. McNamee*; Senior Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before GREENE, *Chief Judge*, and HAGEL and DAVIS, *Judges*.

DAVIS, *Judge*: Pamela R. Sheets, widow of veteran John P. Sheets, appeals from a March 15, 2004, decision of the Board of Veterans' Appeals (Board) that, among other things, denied her claim for accrued benefits. Pursuant to 38 U.S.C. §§ 7252(a) and 7266(a), the Court has jurisdiction to review the Board's decision. In September 1997, Mr. Sheets filed a service-connection claim for lung cancer secondary to nicotine dependence acquired on active duty. After his death, Mrs. Sheets filed a claim for accrued benefits on June 17, 1998. On appeal, we must decide whether 38 U.S.C. § 1103 precludes a qualified survivor from receiving accrued benefits for a veteran's tobacco-related disability on the sole basis that the survivor filed her accrued-benefits claim after June 9, 1998, the cutoff date for filing tobacco-related claims. For the reasons that follow, we hold that section 1103 does not preclude such an award and that the Board erred when it concluded that Mrs. Sheets was not entitled to accrued benefits as a matter of law. Accordingly, the Court will reverse the March 2004 Board decision.

## I. BACKGROUND

Mr. Sheets served in the U.S. Air Force from July 1948 to October 1948 and from October 1951 to April 1971. He also served in the U.S. Army from December 1950 to April 1951. The record indicates that he began smoking in service in 1948. In September 1997, less than two months after he was diagnosed with small cell carcinoma, Mr. Sheets filed a service-connection claim for "[l]ung and [c]erebellum [c]ancer due to secondary nicotine dependence acquired . . . on active duty." Record (R.) at 605. In a December 1997 rating decision, the Denver, Colorado, regional office (RO) denied his claim for not being well grounded (the applicable standard at the time) because none of the medical evidence specifically linked the veteran's lung cancer to in-service tobacco use. Within weeks of its decision, the RO received a letter from Dr. Miho T. Scott, an oncologist who was treating the veteran's cancer. In that letter, Dr. Scott opined that the veteran's lung cancer was caused by his use of tobacco in service. In January 1998, Mr. Sheets filed a Notice of Disagreement. However, on May 31, 1998, while his claim was pending, Mr. Sheets died from small cell lung cancer.

On June 17, 1998, the veteran's widow filed claims for (1) dependency and indemnity compensation (DIC) for service connection for the cause of her husband's death, (2) accrued benefits, and (3) dependents' educational assistance (DEA) benefits. In the March 2004 decision here on appeal, the Board denied all of Mrs. Sheets's claims.[1] Relying on Dr. Scott's opinion, the Board found that the veteran's lung cancer was caused by his use of tobacco in service. Despite that finding, the Board denied Mrs. Sheets's accrued-benefits claim on the basis that an award of service connection for lung cancer was precluded as a matter of law because Mrs. Sheets's claim was received after June 9, 1998, the cutoff date established for tobacco-related claims pursuant to 38 U.S.C. § 1103.

## II. ANALYSIS

A veteran's claim for disability compensation generally does not survive the veteran's death. *See Richard v. West*, 161 F.3d 719, 721 (Fed. Cir. 1998); *Landicho v. Brown*, 7 Vet.App. 42, 47

---

[1]As discussed below, because Mrs. Sheets did not challenge the Board's denial of her DIC and DEA claims, the Court considers only her claim for accrued benefits.

2

(1994). However, the accrued-benefits provision set forth at 38 U.S.C. § 5121 creates a mechanism that allows a veteran's spouse, children, or dependent parents to carry on, to a limited extent, the deceased veteran's claim for disability benefits. *See Haines v. West*, 154 F.3d 1298, 1300-01 (Fed. Cir. 1998); *Landicho*, 7 Vet.App. at 47. Section 5121 requires VA to pay qualified survivors periodic monetary benefits that were due and unpaid to a veteran at the time of death if, at the time of passing, the veteran was entitled to benefits based on existing ratings, decisions, or evidence in the file. 38 U.S.C. § 5121(a). To be eligible for such benefits, a qualified survivor must file an accrued-benefits claim within one year of the date of the veteran's death. 38 U.S.C. § 5121(c). In addition, if the veteran was not entitled to benefits under an existing rating or decision, but instead was entitled to benefits based on evidence in the file at the time of death, the veteran must have had a claim pending before VA when he or she died. *See Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998).

There is no dispute that Mrs. Sheets is a qualified survivor under section 5121 and that she filed her accrued-benefits claim within one year of her husband's death. *See* 38 U.S.C. § 5121. There is also no doubt that her husband had a service-connection claim for lung cancer pending when he died. *See Jones*, 136 F.3d at 1299. In addition, based on the Board's finding that Mr. Sheets's lung cancer was caused by his use of tobacco in service, it is clear that, had he lived, the veteran would have been awarded service connection for lung cancer. *See* 38 U.S.C. § 1110. Yet, because Mrs. Sheets filed her accrued-benefits claim after June 9, 1998, the Board interpreted 38 U.S.C. § 1103 as requiring it to deny Mrs. Sheets's claim as a matter of law.

On appeal, the only issue before us is whether the Board correctly interpreted section 1103 as precluding a qualified survivor from receiving accrued benefits for a veteran's tobacco-related disability on the sole basis that the survivor's accrued-benefits claim was filed after June 9, 1998, the cutoff date for filing such claims. This Court reviews questions of law de novo without deference to the Board's interpretation. 38 U.S.C. § 7261(a)(1); *see Smith v. Gober*, 14 Vet.App. 227, 230 (2000). We hold that the Board's interpretation of section 1103 was erroneous.

Section 1103 precludes veterans from being awarded service connection for tobacco-related illnesses attributable to their use of tobacco products in service. *See* 38 U.S.C. § 1103. However, the statute only affects claims that VA receives after June 9, 1998. *See* 38 C.F.R. § 3.300(a) (2005).

3

It neither affects veterans who established service connection prior to the statute's enactment date, nor serves as an obstacle to those with pending tobacco-related claims that VA received by June 9, 1998. *See Stoll v. Nicholson*, 401 F.3d 1375, 1380 (Fed. Cir. 2005).

The U.S. Court of Appeals for the Federal Circuit and this Court have held that section 1103 precludes a survivor from receiving dependency and indemnity compensation for illnesses caused by the veteran's use of tobacco in service if the survivor files the DIC claim after June 9, 1998. *See Stoll*, 401 F.3d at 1381; *Kane v. Principi*, 17 Vet.App. 97, 102 (2003). The Secretary argues that section 1103 should have a similar effect on claims for accrued benefits. However, because of fundamental differences between claims for dependency and indemnity compensation and claims for accrued benefits, we hold that section 1103 has no effect on an accrued-benefits claim if VA received the veteran's underlying claim by June 9, 1998.

When a veteran dies from a service-connected or compensable disability, VA is required to pay dependency and indemnity compensation to the veteran's qualified survivors. *See* 38 U.S.C. § 1310. Dependency and indemnity compensation requires VA to make future payments to survivors at regular monthly intervals. Unlike claims for accrued benefits, DIC eligibility is not contingent on whether the veteran had any claims pending before VA or whether VA owed the veteran any money at the time of death. *Compare* 38 U.S.C. § 5121 *with* 38 U.S.C. § 1310. To the contrary, a qualified survivor is entitled to DIC benefits in the survivor's own right for being the dependent of a veteran who died from a service-connected or compensable disability. *See* 38 U.S.C. § 1310(a). Accordingly, VA treats a claim for DIC as an entirely new and original claim and adjudicates it without regard to any prior disposition of issues during a veteran's lifetime. *See Stoll*, 401 F.3d at 1380; 38 C.F.R. § 20.1106 (2005).

An accrued-benefits claim, on the other hand, is not an original claim independent of the veteran's underlying claim, but entirely derivative of a veteran's claim. *See Zevalkink v. Brown*, 102 F.3d 1236, 1241-42 (Fed. Cir. 1996). The accrued-benefits provision set forth at 38 U.S.C. § 5121 allows a qualified survivor to stand in the deceased veteran's shoes and carry on the veteran's claim for the limited purpose of receiving a single lump sum payment of money that was "due and unpaid" to the veteran at the time of death. *See* 38 U.S.C. § 5121(a); *Haines*, 154 F.3d at 1300. Because an accrued-benefits claimant's entitlement is based upon the veteran's entitlement, the

4

accrued-benefits claimant is not entitled to compensation in his or her own right, but only to money that was owed to the veteran at the time of the veteran's death. *See Zevalkink*, 102 F.3d at 1241. Moreover, by statute, an accrued-benefits claimant takes a veteran's claim exactly as it stood on the date of the veteran's death. *Id*. at 1242. Thus, VA must adjudicate an accrued-benefits claim exactly as it would have adjudicated the veteran's underlying claim, applying the same evidentiary standards, rating decisions, and law that it would have applied to the deceased veteran's claim. *See Landicho*, 7 Vet.App. at 52. Accordingly, the Board should have adjudicated Mrs. Sheets's accrued-benefits claim exactly as it would have adjudicated the veteran's claim had he not died.

If the veteran had lived, the Board would not have denied him service connection for lung cancer on the basis that section 1103 precluded such an award. To the contrary, section 1103 would have been inapplicable to the veteran's claim because he filed his claim for service connection in September 1997, well before section 1103's cutoff date. *See* 38 U.S.C. § 1103; 38 C.F.R. § 3.300(a). Because the Board would not have denied Mr. Sheets's claim on the basis of section 1103, we hold that the Board erred when it denied Mrs. Sheets's claim on that basis.

Moreover, based on the March 2004 Board decision, it is clear that at the time of his death, Mr. Sheets was entitled to service connection for lung cancer. In its decision, the Board concluded that the veteran's "lung cancer was caused by his tobacco use in service." R. at 3. That factual finding satisfies the requirements for establishing service connection. *See* 38 U.S.C. § 1110. In reaching its finding, the Board relied on Dr. Scott's letter, which the RO received in December 1997, several months before the veteran died. Thus, it is clear that the letter was evidence in the veteran's file at the time of his death. *See* 38 U.S.C. § 5121(a). We cannot disturb a factual finding that is favorable to the appellant. *See Roberson v. Principi*, 17 Vet.App. 135, 139 (2003) (per curiam order). Accordingly, based on the Board's finding that Mr. Sheets's lung cancer was caused by his tobacco use in service as well as its misinterpretation of section 1103's applicability to Mrs. Sheets's accrued-benefits claim, there is no plausible or legal basis for the Board's determination that the appellant is not entitled to accrued benefits. Thus, the Court will reverse that portion of the Board's

5

decision and remand the matter to the Board with instructions to grant Mrs. Sheets's claim for accrued benefits. *See Johnson v. Brown*, 9 Vet.App. 7, 11 (1996).[2]

### III. CONCLUSION

Based upon the foregoing, the March 15, 2004, Board decision is REVERSED with respect to the Board's finding that Mrs. Sheets is not entitled to accrued benefits for her husband's tobacco-related lung-cancer claim and REMANDED to the Board for further proceedings consistent with this opinion.

---

[2]In her brief, Mrs. Sheets also argues that VA failed to fulfill its duty-to-assist requirements. The Court will not consider that argument because it is unnecessary for the resolution of this appeal. In addition, because Mrs. Sheets failed to challenge the Board's decision regarding her claims for DIC and DEA benefits, the Court holds that she has abandoned those claims on appeal. *See Ford v. Gober*, 10 Vet.App. 531, 535 (1997).