NOTE: This disposition is nonprecedential.

# United States Court Of Appeals For The Federal Circuit

---

**CHARLOTTE WEIGER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7084

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-4314, Judge Ronald M. Holdaway.

---

Decided: January 13, 2011

---

VIRGINIA A. GIRARD-BRADY, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

JAMES R. SWEET, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MARTIE S. ADELMAN, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before LINN, SCHALL, and DYK, *Circuit Judges*

PER CURIAM.

Ms. Weiger appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals denial of her claim of dependency and indemnity compensation ("DIC") for her husband's service-connected death due to COPD. Ms. Weiger contends that she is entitled to DIC, despite 38 U.S.C. § 1103(a)—which precludes service connection for "any injury or disease attributable to the use of tobacco products by the veteran during the veteran's service"— because her husband had been granted service connection prior to that statute's effective date.

This court has held that a widow in an identical situation was not entitled to collect DIC, because "the RO treats the survivor's DIC claim as a new claim for service connection," and "the survivors of [veteran's who have previously established service connection] do not inherit the veteran's prior service-connection status for purposes of DIC claims." Stoll v. Nicholson, 401 F.3d 1375, 1380 (Fed. Cir. 2005). Because 38 U.S.C. § 1103(a) precludes Ms. Weiger from showing service connection anew, and because her husband's prior service-connection status does not carry forward to support her present claim, there is no basis for this court to overturn the decision of the Veterans Court.

Ms. Weiger argues that this panel should overrule S-toll. However, a prior panel decision is binding law unless it is overruled by the Supreme Court or this court sitting

en banc.  <u>Newell Co. v. Kenney Mfg. Corp.</u>, 864 F.2d 757, 765 (Fed. Cir. 1988).  As such, this panel is bound by <u>Stoll</u>.

For the foregoing reasons, the decision of the Court of Veterans' Appeals is affirmed.

**AFFIRMED**

COSTS

Each party shall bear its own costs.