Citation Nr: 1513789 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-09 937 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to an amount in excess of $300 for reimbursement of nonservice-connected burial expenses.


ATTORNEY FOR THE BOARD

A. Johnson, Associate Counsel


INTRODUCTION

The Veteran had active service from June 1943 to December 1945. He died in January 2012.

The issue of entitlement to death pension benefits has been raised by the record in an October 2014 written statement but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).


FINDING OF FACT

The Veteran was not receiving VA compensation benefits at the time of his death.


CONCLUSION OF LAW

The criteria for payment in excess of $300 for nonservice-connected burial benefits, to include transportation expenses or a burial plot allowance, have not been met. 38 U.S.C.A. §§ 2302-2308 (West 2014); 38 C.F.R. §§ 3.1600-3.1610 (2013); §§ 3.1700-3.1713 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Appellant is challenging whether the correct amount of nonservice-connected burial benefits were paid. Specifically, the Appellant is seeking repayment for transportation costs associated with the burial of the Veteran.

The Veteran died in January 2012. At the time of his death, he was not service-connected for any disabilities, and he did not have any claim for compensation benefits pending at the time of his death. Moreover, the Appellant has not alleged, and the evidence does not establish, that the Veteran's death was service-connected. Instead, the Veteran was receiving a nonservice-connected pension at his time of death. 

The Veteran was buried at a national cemetery in New York. The invoice from the appellant funeral home reflects the cost of the Veteran's burial was $5,081.90, including line item charges of $375 for a hearse and $450 for transfer of remains to the funeral home. 

In a March 2012 determination, the AOJ awarded a burial benefit of $300 to the Appellant. The Appellant then filed a timely notice of disagreement, specifically alleging the additional $825 for the costs of a hearse and transfer of remains should be awarded as transportation expenses under 38 C.F.R. § 3.1600(g). 

The Board notes the regulations regarding burial benefits have changed during the period on appeal. Effective July 2014 the relevant regulations, which were previously found at 38 C.F.R. §§ 3.1600 through 3.1612, were removed and replaced with new regulations at 38 C.F.R. § 3.1700 through 3.1713. These regulations were rewritten and organized for clarity and ease of use. Because the new regulations are applicable to all claims for burial benefits pending on or after July 7, 2014, the Board has considered the Appellant's appeal under both regulations. However, as will be discussed, the appeal is denied as a matter of law under either the prior or amended regulations.

Both the prior and amended regulations provide that a veteran who was receiving a nonservice-connected pension at his time of death may be awarded burial benefits in the amount as specified in 38 U.S.C.A. § 2302. 38 C.F.R. § 3.1600(b) (2013); § 3.1705 (2014). 38 U.S.C.A. § 2302 provides that a veteran who was in receipt of pension at his death may be awarded a sum not to exceed $300 to cover the burial and funeral expenses, including the expense of transporting and repairing the body. As discussed above, the maximum $300 award allowed under 38 U.S.C.A. § 2302 was awarded in this case.

Both the prior and amended regulations also provide additional reimbursement for transportation benefits. However, under both the prior and amended regulations, the additional reimbursement for transportation benefits is awarded only if the veteran received disability compensation, rather than pension, at his time of death. 38 C.F.R. § 3.1600(g) (2013); § 3.1705(e)(1) (2014). As discussed above, the evidence does not establish, and the Appellant has not suggested, that the deceased Veteran received disability compensation at the time of his death. Accordingly, entitlement to additional reimbursement for transportation benefits is not available.

The prior regulations also provide that entitlement to additional transportation expenses may be established if the veteran would have been receiving disability compensation at the time of his death but for his or her receipt of military retirement pay or nonservice-connected disability pension. However, in this case the Appellant has not asserted, and the evidence does not suggest, that the deceased Veteran would have been entitled to disability compensation if he were not receiving his nonservice-connected pension. 38 C.F.R. § 3.1600(g) (2013). Therefore, entitlement to additional reimbursement for transportation expenses is not established under this provision.

Finally, the Board notes both the prior and amended regulations provide an additional reimbursement for the cost of the burial plot may be awarded in certain circumstances. 38 C.F.R. § 3.1604(f) (2013); § 3.1705(e)(2) (2014). However, in this case, the Veteran was buried in a national cemetery, and no line item for cost of burial plot was included on the January 2012 invoice from the Appellant. Accordingly, entitlement to reimbursement for cost of burial plot is not applicable.

Based on the foregoing, the appeal is denied as a matter of law. The Appellant has already been awarded the maximum amount of funeral expenses under 38 U.S.C.A. § 2302. Additionally, the Veteran did not meet the legal criteria for entitlement to an additional award for reimbursement for transportation expenses under the prior or amended regulations. 38 C.F.R. § 3.1600(g) (2013); § 3.1705(e)(1) (2014). Additionally, no additional cost for a burial plot was accrued in this case. Therefore, the legal criteria for reimbursement for nonservice-connected burial allowances in excess of $300 have not been met, and the appeal is denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where the law, and not the evidence, is dispositive of a claim, such claim should be denied because of the absence of legal merit or the lack of entitlement under the law).

VA has an obligation to provide claimants with notice and assistance in substantiating a claim. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). However, as the law as mandated by statute, and not the underlying facts or development of the facts, is dispositive of the Appellant's claim, these provisions are not applicable to the instant appeal. See Kane v. Principi, 17 Vet. App. 97, 103 (2003); Mason v. Principi, 16 Vet. App. 129, 132 (2002). Accordingly, no further discussion of the duties to notify and assist is required.


ORDER

An amount in excess of $300 for reimbursement of nonservice-connected burial expenses is denied.



____________________________________________
L. HOWELL
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs