Citation Nr: 1206480 
Decision Date: 02/22/12 Archive Date: 03/01/12

DOCKET NO. 08-28 187 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to an effective date prior to January 29, 2007, for a 20 percent rating for service-connected Morton's neuroma with plantar fasciitis of the left foot.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Stephen Eckerman, Counsel






INTRODUCTION

The Veteran served on active duty from September 1993 to September 1996, from October 2001 to January 2003, and from November 2003 to April 2005. 

This appeal comes before the Board of Veterans' Appeals (Board) from an April 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, which granted the Veteran's claim for an increased rating for his service-connected Morton's neuroma with plantar fasciitis of the left foot, to the extent that it increased his rating from 10 percent to 20 percent, with an effective date of January 29, 2007. The Veteran has appealed the issue of entitlement to an earlier effective date for his 20 percent rating.


FINDINGS OF FACT

1. On April 13, 2006, the Veteran filed a claim for an increased rating for his service-connected Morton's neuroma with plantar fasciitis of the left foot.

2. Prior to January 29, 2007, the Veteran's service-connected Morton's neuroma with plantar fasciitis of the left foot, is shown to have been productive of complaints of pain and the need for orthotics, but not unilateral severe flatfoot with objective evidence of marked deformity (pronation, abduction, etc.), accentuated pain on manipulation and use, indications of swelling on use, and characteristic callosities.


CONCLUSION OF LAW

The criteria for an effective date prior to January 29, 2007, for a 20 percent rating for the Veteran's service-connected Morton's neuroma with plantar fasciitis of the left foot have not been met. 38 U.S.C.A. §§ 1155, 5110, 5107(b) (West 2002 & Supp. 2007); 38 C.F.R . §§ 3.102, 3.155, 3.157, 3.159, 3.400, 4.71a (2011). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Earlier Effective Date

The Veteran asserts that he is entitled to an effective date prior to January 29, 2007, for a 20 percent rating for service-connected Morton's neuroma with plantar fasciitis of the left foot. He asserts that the effective date should be the day following his separation from his last period of active duty (April 15, 2005). See Veteran's appeal (VA Form 9), received in September 2008. 

As for the history of the Veteran's disability, see 38 C.F.R. § 4.1 (2011), the Veteran's service medical records show that he was treated for left foot pain on multiple occasions beginning in 1994. At that time he was found to have a Morton's neuroma. Thereafter, he received a number of profiles (light duty) for left foot symptoms, with treatment that included injections, and he was given arch supports. A physical evaluation board report, dated in February 2005, notes chronic left foot pain that began insidiously in 1994, status post podiatry surgery, that there was no DJD (degenerative joint disease) on X-ray, and that there was pain, but that there was a full range of motion in the foot and ankle. 

In February 1997, the RO granted service connection for Morton's neuroma of the left foot, evaluated as 10 percent disabling. There was no appeal, and the RO's decision became final. See 38 U.S.C.A. § 7105(c) (West 2002). The RO subsequently recharacterized the Veteran's disability to include plantar fasciitis. 

On April 3, 2006, the Veteran filed a claim for an increased rating. 

In April 2007, the RO granted the Veteran's claim, to the extent that it increased his rating from 10 percent to 20 percent, with an effective date of January 29, 2007. The Veteran has appealed the issue of entitlement to an earlier effective date. 

VA law and regulation provide that unless otherwise provided, the effective date of an award of increased evaluation shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of the application therefor. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400(o)(1). The Board notes that the effective date of an award of increased compensation may, however, be established at the earliest date as of which it is factually ascertainable that an increase in disability had occurred, if the application for an increased evaluation is received within one year from that date. 38 U.S.C.A. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2). 

In addition, the Court has indicated that it is axiomatic that the fact that must be found in order for entitlement to an increase in disability compensation to arise, in other words, that the service-connected disability must have increased in severity to a degree warranting an increase in compensation. See Hazan v. Gober, 10 Vet. App. 511, 519 (1992) (noting that, under section 5110(b)(2) which provides that the effective date of an award of increased compensation shall be the earliest date of which it is ascertainable that an increase in disability had occurred, "the only cognizable 'increase' for this purpose is one to the next disability level" provided by law for the particular disability). Thus, determining whether an effective date assigned for an increased rating is correct or proper under the law requires (1) a determination of the date of the receipt of the claim for the increased rating as well as (2) a review of all the evidence of record to determine when an increase in disability was "ascertainable." Id. at 521. 

Disability evaluations are determined by comparing the veteran's present symptomatology with the criteria set forth in the VA's Schedule for Ratings Disabilities. 38 U.S.C.A. § 1155; 38 C.F.R. § Part 4. 

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Although a rating specialist is directed to review the recorded history of a disability to make a more accurate evaluation, the regulations do not give past medical reports precedence over current findings. 38 C.F.R. § 4.2 (2011). 

The Veteran filed his claim on April 3, 2006. Normally, an effective date for an increased rating may be assigned up to one year prior to the date of the claim. See 38 U.S.C.A. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2); Harper v. Brown, 10 Vet. App. 125 (1997). However, the Veteran's last day of active duty was April 15, 2005, therefore, the actual time period on appeal is from that time forward. See 38 C.F.R. § 3.654 (2011). 

The RO has evaluated the Veteran's disability as 10 percent disabling pursuant to 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5276. 

Under DC 5276, a 10 percent rating is warranted for bilateral moderate flatfoot with the weight bearing line over or medial to the great toe, inward bowing of the tendo Achilles, and pain on manipulation or use of the feet. 

A 20 percent evaluation is warranted for unilateral severe flatfoot with objective evidence of marked deformity (pronation, abduction, etc.), accentuated pain on manipulation and use, indications of swelling on use, and characteristic callosities. Id. 

Full range of ankle motion is from 20 degrees dorsiflexion to 45 degrees plantar flexion. 38 C.F.R. § 4.71, Plate II (2011).

The words "slight," "moderate" and "severe" as used in the various diagnostic codes are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence, to the end that its decisions are "equitable and just." 38 C.F.R. § 4.6 (2011). It should also be noted that use of terminology such as "severe" by VA examiners and others, although an element of evidence to be considered by the Board, is not dispositive of an issue. All evidence must be evaluated in arriving at a decision regarding an increased rating. 38 C.F.R. §§ 4.2, 4.6 (2011). 

The medical evidence during the time period on appeal consists of VA progress notes, dated between 2005 and January 2007. This evidence shows that in September 2006, the Veteran was noted to have a FS & ROM (full strength and range of motion) in his extremities, with DTR (deep tendon reflexes) of 2+ in the lower extremities. Motor and sensory function was "intact." Gait was within normal limits. In November 2006, he complained of left arch pain and requested orthotics. Ankle dorsiflexion was to 90 degrees, with an additional five degrees when the knee was bent. A neurological examination was unremarkable. He was noted to have a leg length discrepancy between 1/4-inch to 1/2-inch, left longer than right, and he was given a 1/4-inch heel lift for his right shoe. The assessments noted equinas, metatarsal primus elevatus, bilateral, short first metatarsal, bilateral, pes planus, left posterior calcaneal spur with mild symptoms, plantar fasciitis, and abnormality of gait. A modified orthotic device with full top-cover was ordered. In December 2006, he was fitted with a cane. He received treatment for low back and left leg pain. He stated that he had started running again, and that he used his cane at times, particularly as his pain progressed during the day. On examination, he had 5/5 strength in the lower extremities, and "excessive ankle foot pronation with genuvalgum stress and hallux valgus, bilaterally." He was to receive physical therapy and a HEP (home exercise program). A January 11, 2007 report shows that orthotics were issued. On January 22, 2007, he was noted to have no muscle or joint pains, weakness, numbness, loss of sensation, stiffness, or swelling, and no limitation of motion. 

A VA joints examination report, dated in January 2007, shows that the examination was performed on January 29, 2007. This report shows that the Veteran walked with a slight limp to the right and complained of 2/10 foot pain. On examination, no discoloration or vascular changes were noted. Sensation was intact. Dorsiflexion was from 0 to 20 degrees. Plantar flexion was from 0 to 45 degrees. There was mild tenderness at the left arch. The diagnoses note plantar fasciitis left mid-arch, with present ongoing treatment, left posterior calcaneal spur, incidental finding on X-ray, bilateral pes planus. The examiner noted a history of "ongoing moderate problems" with plantar fasciitis, and that there was no mention of residuals of Morton's neuroma. 

The issue is whether there was increased disablement prior to January 29, 2007 which can be "factually ascertained with a degree of certainty" such that the criteria for a 20 percent rating under DC 5276 are shown to have been met. See e.g., VAOPGCPREC 12-98; 63 Fed. Reg. 56704 (1998). 

The Board finds that the criteria for an evaluation in excess of 10 percent are not shown to have been met prior to January 29, 2007. As an initial matter, the VA progress notes do not contain any material findings for an initial period of about one year and five months, i.e., between April 2005 and September 2006. Thereafter, in November 2006, excessive dorsiflexion was noted. He was noted to have a leg length discrepancy, for which he was given a heel lift. Although there was finding of 90 degrees of dorsiflexion, this is unexplained by other evidence of record, as there is no evidence of ankle instability or ankle ligament damage, and as the ranges of ankle motion in the January 2007 VA examination report were entirely normal. See 38 C.F.R. § 4.71, Plate II. In addition, a January 2007 report shows that he was noted to have no muscle or joint pains, weakness, numbness, loss of sensation, stiffness, or swelling, and no limitation of motion. There is no evidence of swelling, or characteristic callosities. Accordingly, the criteria for a rating in excess of 10 percent under DC 5276 are not shown to have been met prior to January 29, 2007, and the claim must be denied. 

The Board has also considered whether an earlier effective date for the 20 percent rating is warranted on the basis of functional loss due to pain. In this regard, the Veteran's complaints included foot pain, and VA physicians have issued the Veteran orthotics. However, the Veteran's subjective complaints of pain have already been contemplated in the criteria of DC 5276. See Johnson v. Brown, 9 Vet. App. 7, 11 (1996); DeLuca v. Brown, 8 Vet. App. 202, 206 -07 (1995); 38 C.F.R. §§ 4.40, 4.45. Accordingly, the Board concludes that the criteria for an earlier effective date for the Veteran's 20 percent rating under DC 5276 are not shown to have been met prior to January 29, 2007. 

An earlier effective date for the 20 percent rating is not warranted under any other potentially applicable diagnostic code. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). The Board has considered 38 C.F.R. § 4.71a , DC 5284, which states that a 20 percent rating is assigned for a moderately severe foot injury. However, the Board has determined that the findings are insufficient to show that he had a moderately severe foot injury during the time period in issue. In this regard, although the Veteran has been fitted for a cane, his service-connected disabilities include bilateral knee and right heel disabilities, and there is no medical evidence to show that a physician has recommended that he use a cane for his left foot disability. In addition, his lower extremity strength has been noted to be "full," or 5/5, at all times, with no evidence of neurological impairment in the left foot. There is no evidence of such symptoms as incoordination, loss of strength, atrophy, or sensory deficiency. There was excessive pronation, but when read in context with the other findings, this does not support a conclusion that the Veteran's condition more closely approximated a moderately severe foot injury prior to January 29, 2007. This determination is unchanged with consideration of the evidence of functional loss. 38 C.F.R. §§ 4.40, 4.45; DeLuca. Accordingly, a 20 percent rating prior to January 29, 2007 under DC 5284 is not warranted. 

The Board has examined all other Diagnostic Codes pertinent to disabilities of the foot. Claw foot, and malunion or nonunion of tarsal or metatarsal bones, have not been demonstrated. Thus Diagnostic Codes 5278, and 5283 are not for application. 38 C.F.R. § 4.71a , DC 5278, 5283 (2011). 

The evidence in this case is not so evenly balanced so as to allow application of the benefit of the doubt rule as required by law and VA regulations. 38 C.F.R. §§ 3.102, 4.3 (2011). 


II. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002), provides that VA shall apprise a claimant of the evidence necessary to substantiate his claim for benefits and that VA shall make reasonable efforts to assist a claimant in obtaining evidence unless no reasonable possibility exists that such assistance will aid in substantiating the claim. 

In association with his claim for an increased rating, the Veteran was provided with a VCAA notice in June 2006. In such cases, where a disability rating and effective date have been assigned, the claim has been more than substantiated, it has been proven, thereby rendering section 5103(a) notice no longer required because the purpose that the notice was intended to serve has been fulfilled. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 491 (2006). 

The RO has provided assistance to the appellant as required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. It appears that all known and available service treatment reports, and post-service records relevant to the issue on appeal have been obtained and are associated with the Veteran's claims file. The RO has obtained the Veteran's VA medical records, and the Veteran has been afforded an examination. 

In summary, the claimant has been provided with every opportunity to submit evidence and argument in support of his claim, and to respond to VA notice. The Board therefore concludes that a decision on the merits at this time does not violate the VCAA, nor prejudice the appellant under Bernard v. Brown, 4 Vet. App. 384 (1993). 

Based on the foregoing, the Board finds that the Veteran has not been prejudiced by a failure of VA in its duty to assist, and that any violation of the duty to assist could be no more than harmless error. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004). 


ORDER

The appeal is denied.


____________________________________________
F. JUDGE FLOWERS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs