Citation Nr: 1761203 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 11-20 788 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to an increased disability rating for service-connected osteochondritis dissecans of the left knee, currently rated as 10 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Setter, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Navy from August 1975 to June 1977.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. By way of background, the Veteran was originally granted entitlement to service connection for this left knee disability in a September 1971 rating decision. A 10 percent evaluation has been effective from 1 January 1984. The Veteran filed a claim for increased evaluation for a left knee condition in January 2010.

In November 2011, the Veteran testified at a hearing before a Veterans Law Judge (VLJ) currently no longer at the Board. A transcript of that hearing is of record. In January 2017, the Board mailed the Veteran a letter notifying him that the VLJ who presided over the November 2011 hearing was no longer employed by the Board. The letter notified the Veteran of his right to another hearing before a different VLJ. The Veteran did not respond to this letter within 30 days from the date the letter was sent; therefore, the Board will assume that the Veteran does not want another hearing.

The Board remanded the issues on appeal for additional development in May 2014 and March 2017. The directives having been substantially complied with, the matter again is before the Board. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Stegall v. West, 11 Vet. App. 268 (1998).


FINDING OF FACT

Throughout the period on appeal, the Veteran's service-connected osteochondritis dissecans of the left knee is shown to have been manifested with flexion limited to 120 degrees or more, extension of 0 degrees, painful motion, and with demonstrated degenerative changes documented by imagining. Ankylosis, crepitus, subluxation, instability, and incapacitating episodes have not been shown.


CONCLUSION OF LAW

For the period on appeal, the criteria for a disability rating in excess of 10 percent for service-connected osteochondritis dissecans of the left knee have not been met or approximated. 38 U.S.C. § 1155 (West 2012); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.7, 4.20, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5010 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C. §§ 5102, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017). 

The Veteran in this case has not referred to any deficiencies in either the duties to notify or assist; therefore, the Board may proceed to the merits of the claim. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed.Cir. 2015, cert denied, U.S.C. Oct.3, 2016) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board....to search the record and address procedural arguments when the [appellant] fails to raise them before the Board"); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to an appellant's failure to raise a duty to assist argument before the Board).

The Board has reviewed all of the evidence in the Veteran's claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the Veteran or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-130 (2000).

II. Increased Schedular Ratings

Disability evaluations are determined by the application of the facts presented to VA's Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321(a), 4.1.

If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. All reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3. 

In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1 (2013); Peyton v. Derwinski, 1 Vet. App. 282 (1991). Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary importance. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). That said, higher evaluations may be assigned for separate periods based on the facts found during the appeal period. See Fenderson v. West, 12 Vet. App. 119, 126 (1999). This practice is known as staged ratings. Id.

38 C.F.R. §§ 4.40, 4.45 and 4.59 require the Board to consider a veteran's pain, swelling, weakness, and excess fatigability when determining the appropriate evaluation for a disability using the limitation of motion diagnostic codes. See Johnson v. Brown, 9 Vet. App. 7, 10 (1996); DeLuca v. Brown, 8 Vet. App. 202 (1995). The final sentence of 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. Correia v. McDonald, 28 Vet. App. 158 (2016).

38 U.S.C. § 1154(a) requires that the VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim to disability benefits. Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). When analyzing lay evidence, the Board should assess the evidence and determine whether the disability claimed is of the type for which lay evidence is competent. See Davidson, 581 F.3d at 1313; Kahana v. Shinseki, 24 Vet. App. 428 (2011).

The Board considers not only the criteria of the currently assigned diagnostic codes, but also the criteria of other potentially applicable diagnostic codes. In general, all disabilities, including those arising from a single disease entity, are rated separately, and all disability ratings are then combined in accordance with 38 C.F.R. § 4.25. However, the evaluation of the same "disability" or the same "manifestations" under various diagnoses is not allowed. See 38 C.F.R. § 4.14. A claimant may not be compensated twice for the same symptomatology as "such a result would overcompensate the claimant for the actual impairment of his [or her] earning capacity." See 38 U.S.C. § 1155 (West 2012); Brady v. Brown, 4 Vet. App. 203, 206 (1993). This would result in pyramiding, contrary to the provisions of 38 C.F.R. § 4.14. However, if a veteran has separate and distinct manifestations attributable to the same injury, they should be compensated under different diagnostic codes. See Esteban v. Brown, 6 Vet. App. 259 (1994); Fanning v. Brown, 4 Vet. App. 225, 230 (1993).

If the evidence for and against a claim is in equipoise, the claim will be granted. 38 C.F.R. § 4.3. A claim will be denied only if the preponderance of the evidence is against the claim. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990). Any reasonable doubt regarding the degree of disability should be resolved in favor of the claimant. 38 C.F.R. § 4.3. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that evaluation. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

Left Knee Disability -Legal Standards

Under 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5010, traumatic arthritis, substantiated by X-ray findings, is rated on limitation of motion of affected parts, as degenerative arthritis under 38 C.F.R. § 4.71a, DC 5003. Degenerative arthritis established by X-ray findings will be rated on the basis of limitation of motion under the appropriate DCs for the specific joint or joints involved. When, however, the limitation of motion of the specific joint or joints involved is non-compensable under the appropriate DCs, a 10 percent evaluation is assignable each such major joint or group of minor joints affected by limitation of motion, to be combined, not added, under DC 5003. Limitation of motion must be objectively confirmed by findings such as swelling, muscle spasm, or satisfactory evidence of painful motion. 38 C.F.R. § 4.71a, DC 5003. See also Petitti v. McDonald, 27 Vet. App. 415 (2015).

A compensable rating for arthritis can be awarded on the basis of X-ray findings and painful motion under 38 C.F.R. § 4.59 even without motion being compensable limited under the rating schedule. VAOPGCPREC 9-98 (1998). 

Because DC 5003 requires that "satisfactory of evidence of pain" be "objectively confirmed," a Veteran's testimony, alone, is not enough. For the minimum compensable rating for motion which is painful but not actually limited to a compensable degree, a claimant's bare statement is not satisfactory evidence of painful motion. Petitti v. McDonald, 27 Vet. App. 415, 427 (2015) (holding that painful motion may be "objectively confirmed" by either a clinician, including a claimant's assertion of painful joints that is confirmed by a clinician's statement there is a history of "recurrent" joint pain or a layperson who witnessed the Veteran experience difficulty walking, standing, or sitting, or display a facial expression, such as wincing, indicative of pain). In other words, satisfactory lay evidence of painful motion also includes lay descriptions from other than the Veteran of painful motion; lay observations of witnesses of painful motion, lay statements of observed visible behavior or facial expressions during painful motion, as well as lay reports of difficulty walking, standing, sitting, or undertaking other activity. Id. at 429. 

Included within 38 C.F.R. § 4.71a are multiple DCs that evaluate impairment resulting from service-connected knee disorders, including DC 5256 (ankylosis), DC 5257 (other impairment, including recurrent subluxation or lateral instability), DC 5258 (dislocated semilunar cartilage), DC 5259 (symptomatic removal of semilunar cartilage), DC 5260 (limitation of flexion), DC 5261 (limitation of extension), DC 5262 (impairment of the tibia and fibula), and DC 5263 (genu recurvatum). 

However, based on the medical evidence before the Board, ankylosis, recurrent subluxation, lateral instability, a meniscus condition to include dislocated semilunar cartilage or its removal, impairment of the tibia and fibula, and genu recurvatum have not been found or associated with the Veteran's left knee disability and thus will not be considered here.

The words "slight," "moderate." and "severe" as used in the various DCs are not defined in the VA Schedule for Rating Disabilities. Rather than applying a mechanical formula, the Board must evaluate all of the evidence for "equitable and just decisions." 38 C.F.R. § 4.6. 

Normal range of motion of the knee is to zero degrees extension and to 140 degrees flexion. See 38 C.F.R. § 4.71a, Plate II. 

Under DC 5260, a non-compensable rating will be assigned for limitation of flexion of the leg to 60 degrees; a 10 percent rating will be assigned for limitation of flexion of the leg to 45 degrees; a 20 percent rating will be assigned for limitation of flexion of the leg to 30 degrees; and a 30 percent rating will be assigned for limitation of flexion of the leg to 15 degrees. 

 Under DC 5261, a non-compensable rating will be assigned for limitation of extension of the leg to 5 degrees; a 10 percent rating will be assigned for limitation of extension of the leg to 10 degrees; a 20 percent rating will be assigned for limitation of extension of the leg to 15 degrees; a 30 percent rating will be assigned for limitation of extension of the leg to 20 degrees; a 40 percent rating will be assigned for limitation of extension of the leg to 30 degrees; and a 50 percent rating will be assigned for limitation of extension of the leg to 45 degrees. 

Separate disability ratings may be assigned for distinct disabilities resulting from the same injury so long as the symptomatology for one condition is not "duplicative of or overlapping with the symptomatology" of the other condition. See Esteban v. Brown, 6 Vet. App. 259, 262 (1994). See also VAOPGCPREC 9-04 (holding that separate ratings under DC 5260 for limitation of flexion of the knee and DC 5261 for limitation of extension of the knee may be assigned).

Left Knee Disability -Evidence and Analysis

The Veteran is claiming entitlement to an increased disability rating for his service-connected osteochondritis dissecans of the left knee, currently rated as 10 percent disabling pursuant to 38 C.F.R. § 4.71a, Diagnostic Code 5010, arthritis due to trauma, which is rated as degenerative arthritis. The Veteran made his claim for an increased rating of the left knee disability in January 2010.

The Veteran received a VA examination in March 2010. He explained to the examiner that his left knee had worsened since November 2009, though without any new trauma or inciting event. The diagnosis was chronic left knee pain syndrome with osteochondritis disiccans. There was moderate joint line tenderness and there was crepitus of the patellofemoral joint with range of motion. There is no suprapatellar effusion for the left knee. Lateral joint compartment was nontender. Left knee range of motion showed flexion was 0 to 130 degrees with significant pain noticed, and extension was full, from 140 to 0 degrees. Valgus and varus stress tests were negative. Anterior drawer, posterior, Lachmen test, and McMurray test were all negative. Muscle strength of the lower extremities was 5/5. No muscle atrophy or swelling of the lower extremities was noted. Left knee joint has no swelling or redness. On repetitive range of motion, there was increased pain and loss of endurance noted. There have been no incapacitating episodes in the last twelve months. Under the DeLuca criteria, repetitive range of motion of the left knee does increase pain and loss of endurance. There is no additional limitation in range of motion. There was no fatigue, weakness, or incoordination after repetitive motion. There are flare ups about one to two times per month noted by increases in pain.

In April 2017, the Veteran received a VA examination for his knees. The examiner rendered a diagnosis of osteochondritis dissecans of the left knee. The Veteran was noted to have complained of left knee pain with activities like jogging or playing tennis. The examiner stated the condition of the left knee appears to be moderate, and has responded well to previous surgical treatment in 1983 and 1985. The examination showed the following range of motion measurements: flexion to 120 degrees and extension to 0 degrees. No pain was noted on examination, with weight-bearing or palpation of the joint. No pain noted with non-weight bearing or with passive range of motion. There were no reports of flare-ups of the knee or lower leg. There was no evidence of crepitus. There was no evidence of reduction in muscle strength or muscle atrophy noted. There was no subluxation or instability noted. The examiner noted complaints of left knee pain with activities like jogging or playing tennis would not prevent performance of most occupational tasks.

After careful review of the record, the Board finds that the evidence of record does not support assigning an evaluation in excess of 10 percent for the left knee disability, pursuant to DC 5010, because no compensable degree of limitation of motion in extension or flexion has been demonstrated on objective testing from February 2008 to present. The Board notes continuing painful motion of the knee and the provisions of 38 C.F.R. § 4.59 that allow for painful motion to be rated to at least the minimum compensable rating for a particular joint. In other words, the Board finds that the Veteran's left knee range of motion was never limited to a compensable degree in either extension or flexion. Here, at worst the Veteran had a 0 to 120 degrees flexion of the left knee with 120 to 0 degrees extension reported in the April 2017 VA examination report. Even considering the Veteran's report of pain with flexion and extension in the various VA examinations report, objective testing did not reveal evidence of functional loss as per DeLuca. As noted above, pain alone is not a sufficient basis to warrant an additional rating, as pain may cause a functional loss, but pain itself does not constitute functional loss. Mitchell, 25 Vet. App. at 38-43. As such, there is not a basis for a rating for a compensable rating based solely on limitation of flexion pursuant to DC 5260 or limitation of extension pursuant to DC 5261. A higher evaluation of 20 percent is not warranted for limitation of extension of the knee unless there is extension limited to 10 degrees or more. A higher evaluation of 20 percent is not warranted for limitation of flexion of the knee unless there is flexion limited to 45 degrees or less.

As such, a separate or higher rating under either DC 5260 or 5261 is not warranted for this appeal period. Further, the Veteran is not entitled to a 20 percent disability rating during this time period under DC 5003, as X-ray evidence of service-connected arthritis in two or more major joints of the left leg, and incapacitating exacerbations, have not been demonstrated. The Board also notes that ankylosis, crepitus, subluxation, instability, and incapacitating episodes have not been shown.

The Board has considered whether factors including functional impairment and pain as addressed under 38 C.F.R. §§ 4.10, 4.40, and 4.45 would warrant a higher rating. See Spurgeon v. Brown, 10 Vet. App. 194 (1997); and DeLuca. While evidence shows that the Veteran had symptoms, e.g., pain, during left knee motion, as well as other symptoms upon activity, there is a lack of objective medical evidence showing that the Veteran suffered any measurable functional loss and/or limitation of motion during flare-ups or with normal use. Here, the Veteran has been able to exercise regularly and he does not use any assistive devices. Accordingly, even with consideration of the doctrine of the favorable resolution of doubt, an initial rating in excess of 10 percent for the service-connected left knee disability is not warranted.

Therefore, the Board finds that the preponderance of evidence is against assigning a rating in excess of 10 percent for osteochondritis dissecans of the left knee is not warranted. See 38 C.F.R. § 4.71(a), Diagnostic Code 5010 (2017); see also 38 U.S.C. § 5107 (West 2012); Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990).

III. Other Considerations

The Board has considered whether a TDIU (total disability rating for compensation based on individual unemployability) claim has been raised by the record and finds that it has not. The Veteran does not assert, and the evidence does not show, that he is unable to work solely on account of his service-connected disabilities. The Veteran has indicated both in his hearing testimony and his statements during VA examinations that he is employed by the U.S. Postal Service. Accordingly, the Board finds that a claim for TDIU is not raised by the record. Rice v. Shinseki, 22 Vet. App. 447 (2009). 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).


ORDER

Entitlement to an increased rating in excess of 10 percent for service-connected osteochondritis dissecans of the left knee is denied.



____________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs